1  **WO**

2  NOT FOR PUBLICATION

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Bernard John Przybylski, Jr.,            )    No. CV-10-8073-PCT-GMS
                                           )
10          Plaintiff,                      )    **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
   John G. Stumpf, *et al.*,                )
13                                         )
           Defendants.                     )
14                                         )
                                           )
15

16       Pending before the Court is the Motion for a Temporary Restraining Order filed by

17  Plaintiff Bernard John Przybylski, Jr. ("Plaintiff"). (Dkt. # 8.) For the following reasons, the

18  Court denies the Motion.

19                              **DISCUSSION**

20       Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary

21  injunction or Temporary Restraining Order ("TRO") upon a proper showing. The standard

22  for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan*

23  *Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To

24  prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable

25  success on the merits combined with the possibility of irreparable injury or (b) that [it] has

26  raised serious questions going to the merits, and that the balance of hardships tips sharply in

27  [its] favor." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth

28  Circuit has explained that "these two alternatives represent 'extremes of a single continuum,'

1  rather than two separate tests. Thus, the greater the relative hardship to the moving party, the

2  less probability of success must be shown." *Immigrant Assistant Project of LA County Fed'n*

3  *of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

4        In this case, Plaintiff strenuously contends that each of the elements for a TRO are

5  met. He fails, however, to explain how the applicable facts and law merit injunctive relief.

6  With respect to his argument that his request for a TRO "clearly establish[es] a reasonable

7  likelihood of success on the merits," Plaintiff simply offers the following:

8          Plaintiff's legally protected property rights are clear and
        unambiguous. It is also clearly evident that Defendants' conduct

9          set forth in Plaintiff's Complaint is wrongful and violate's
        Plaintiff's legally protected property rights.

10

11  (Dkt. # 8.) This conclusory statement, however, is insufficient to merit a TRO. As the

12  Supreme Court has repeatedly held, temporary injunctive relief will not be granted "unless

13  the movant, *by a clear showing*, carries the burden of persuasion" of showing a likelihood

14  of success on the merits. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In his 140 page

15  Complaint, Plaintiff raises concerns about "legalese," "fictitious payees," violations of his

16  "due process rights," and "subject-matter jurisdiction," but he does not provide a factual basis

17  for relief. (Dkt. #1, at 5, 6, 8, 9.) Plaintiff also quotes from federal statutes at length, provides

18  "questions that one might ask the bank in an interrogatory," summarizes a Minnesota Justice

19  Court Action, discusses "modern money mechanics," and explains "how banks create

20  money." (*See generally id.*) These topics, while somewhat interesting, do not demonstrate

21  "by a clear showing" that Plaintiff is entitled to relief. And while Plaintiff contends that

22  Defendants engaged in wrongful conduct, he does not explain what, how, or why the conduct

23  is wrongful or illegal. In other words, Plaintiff's arguments are devoid of the factual and legal

24  analysis necessary to show likelihood of success on the merits.

25        The additional arguments set forth in Plaintiff's Motion are also unavailing. To the

26  extent that Plaintiff complains that Defendants have defrauded "Arizona taxpayers, [the]

27  Arizona politic, Arizona citizens, and [the] Arizona government" of recording fees, it appears

28  that Plaintiff does not have standing to bring this claim. *See Lance v. Coffman*, 549 U.S. 437,

1   440 (2007) ("To have standing . . . a plaintiff must have more than a general interest common

2   to all members of the public.") (internal quotation marks omitted). To the extent that Plaintiff

3   does somehow have standing to pursue this claim, he has not demonstrated how injunctive

4   relief is necessary to protect his interests from irreparable harm. In addition, while Plaintiff

5   alleges that Defendants' attorneys "are purposefully obfuscating" the facts of this case and

6   the law, he does not point to any examples evincing that opposing counsel has

7   misrepresented the law or facts to the Court.

8           Finally**,** several of Plaintiff's arguments appear to allege that Defendants have failed

9   to produce the original note securing his mortgage. Another division of this Court, however,

10   has already rejected this "show me the note" argument. *See Mansour v. Cal-Western*

11   *Reconveyance Corp.*, 618 F. Supp.2d 1178, 1181 (D. Ariz. 2009) (holding that Arizona law

12   "do[es] not require presentation of the original note before commencing foreclosure

13   proceedings"). Relying on Ariz. Rev. Stat. § 47-3301, the *Mansour* court held, "The UCC

14   pertaining to negotiable instruments, as codified in Arizona at title 47, chapter 3, provides

15   that 'persons entitled to enforce an instrument [include] the holder of the instrument, a

16   nonholder in possession of the instrument who has the rights of a holder[,] *or a person not*

17   *in possession of the instrument who is entitled to enforce the instrument pursuant to §*

18   *47-3309.*'" *Id.* (internal quotation marks omitted). The Court agrees with *Mansour's* analysis.

19   Accordingly, to the extent that Plaintiff contends that Defendants are required to produce the

20   original note to foreclose on his property, that claim fails. And while Plaintiff further

21   contends that Defendants do not have authority to foreclose on his property, he fails to

22   explain the factual basis for his belief that Defendants are not holders in due course of the

23   note securing his mortgage.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Emergency Temporary

2  Restraining Order (Dkt. # 8) is **DENIED** without prejudice.

3        DATED this 18th Day of May, 2010.

4

5  _____

6        G. Murray Snow
      United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28