**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernard John Pryzblyski, pro se, | No. CV-10-8073-PCT-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| John G. Stumpf, et. al. , | |
| Defendant. | |

Pending before the Court is: (1) Motion to Dismiss Defendants Michael A Bosco, Jr. and Tiffany & Bosco P.A., and Request for Costs and Attorneys' Fees Pursuant to Arizona Revised Statute § 33-807(E) (Doc. 6); (2) Defendants Keith Maio and National Bank of Arizona's Motion to Dismiss (Doc 7); (3) Defendants Stumpf, Windust, Wells Fargo & Company and Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 12).   For the reasons stated below, the Motions to Dismiss are all granted with leave to amend.  The request for costs and attorneys' fees is denied without prejudice to its renewal after any proposed Amended complaint has been filed.

**BACKGROUND**

Plaintiff borrowed $232,000 from National Bank of Arizona to purchase property located at 1310 S. Parkside Village Drive, Chino Valley, Arizona.  The loan was evidenced by a promissory note that was secured by a deed of trust on the purchased property.  The beneficiary on the deed was Mortgage Electronic Registration Systems, Inc. as the nominee

of the lender and its successors and assigns.  A trustee's sale was noticed on April 27, 2010, after which Plaintiff filed the instant complaint.  The trustee's sale was re-noticed for late May and Plaintiff's complaint was removed to this Court.  This action was stayed on the filing of Plaintiff's bankruptcy.  The stay was lifted in early September.

The original Complaint, which is 128 pages long, is difficult to understand and contains a great deal of extraneous material, legal argument, discovery requests, historical dissertations and other matter that is not appropriate for a complaint, and not relevant to this action.  Plaintiff, for example, recites what he alleges to be various historical and other facts pertaining to the lending industry, purported quotations from case law, and other cases, and the Arizona Revised Statutes verbatim.  He further refers without specificity, or  particular factual allegations, to the undifferentiated Defendants' fraud and criminal acts.

Nevertheless, stripped of its legal argument, points and authorities, memoranda, and discovery requests and read liberally, the complaint appears to seek to assert that: (1) All Defendants have defrauded the state of Arizona by failing to pay required filing fees; (2) Defendants are not Creditors of the Plaintiff and had no right to sell the deed of trust  because they: (a) never risked any assets, (b) they do not hold any assets and they are not in possession of the note; (3) Defendants cannot use documents against the Plaintiff that Plaintiff did not understand when he signed them; (4) the Defendants have been paid in full for the property; (5) an unspecified defendant is using a corporate entity to perpetrate a fraud and or violate the criminal laws of this state, (6) a notary public used by Defendants improperly notarized a signature on a document or documents; (7) Defendants forged documents and/or significant parts thereof; (8) parts of the promissory note and/or deed of trust are invalid as they constitute a cognovit clause to the extent they authorize a confession of judgment; (9) the sale of the property which is the subject of the deed of trust through a non-judicial foreclosure deprives the Plaintiff of property without due process of law; (10) the contract between the parties was one of adhesion, therefore, Plaintiff is not bound thereby; and, (11), there was no meeting of the minds between the parties to the promissory note and deed of trust, therefore the contract is not enforceable.

1    The Defendants have filed motions to dismiss.

2                                              **ANALYSIS**

3    **I.     The Defendants' Motions for Insufficiency of Service and Lack of Proof of**

4    **Service.**

5           Plaintiff has apparently brought claims against, and attempted to serve, several banks

6    and related entities--Wells Fargo & Company, Wells Fargo Home Mortgage, a division of

7    Wells Fargo Bank, N.A., National Bank of Arizona, Ohio Savings Bank and NY Community

8    Bancorp, Inc.  Plaintiff has also apparently sued individual bank officers, including John G.

9    Stumpf, Ben Windust, Joseph R. Ficalora, and Keith Maio.  Plaintiff has also brought claims

10   against Michael A. Bosco, Jr., a lawyer who served as the bank's trustee for purposes of

11   conducting the non-judicial foreclosure.  The complaint also apparently names Mr. Bosco's

12   law firm Tiffany & Bosco, P.A.

13          At least one of the bank defendants, National Bank of Arizona, as well as the law firm

14   defendant, Tiffany & Bosco, P.A., appear to be domiciled in Arizona.  The other bank

15   Defendants, apparently, are not.  Similarly one of the individual bank officers who Plaintiff

16   has attempted to serve, Keith Maio, may reside in Arizona.  The other individual defendants,

17   John G. Stumpf, Ben Windust, and Joseph R. Ficalora apparently do not.

18          Plaintiff has apparently attempted to serve all Defendants by sending either to them

19   or to their attorneys various pleadings or filings by registered or certified mail.  The

20   requirements for service of process differ depending upon whether a defendant is domiciled

21   within, or outside of the state of Arizona.  Generally, attempted service by registered mail

22   on individual or corporate defendants does not meet the requirements of service under either

23   the Arizona or the Federal rules.  See, e.g., Ariz. R. Civ. P. 4.1 (d) and (k), and Fed. R. Civ.

24   P. 4(e) and (h).  Further, unless an attorney is authorized to accept service on behalf of a

25   party service on a party's attorney does not constitute service on the party.  Thus, as it

26   pertains to any defendant located within the state of Arizona, mailing to that Defendant or

27   its attorney a copy of the summons and complaint by registered or certified mail is not

28   sufficient to accomplish service.  Defendants Keith Maio and National Bank of Arizona

move to dismiss on this basis. Nevertheless, they do not supply sufficient admissible facts in conjunction with their motion to dismiss to determine that they are domiciled in the state. However, Fed. R. Civ. P. 4(l) places the obligation on Plaintiff to prove that he has appropriately accomplished service. Plaintiff has not complied with Fed. R. Civ. P. 4(l) by providing the Court with prima facie proof of service establishing that he has served National Bank of Arizona or any other in-state defendants in compliance with the rules.

Further, as it pertains to Defendants who are located out-of-state, Ariz. R. Civ. P. 4.2(c), and thus Fed. R. Civ. P. 4(e) (1), provides that service on an out-of-state defendant may be accomplished by "depositing the summons and a copy of the pleading be served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt." This type of service, however, additionally requires that Plaintiff file proof of service with the Court that complies with the requirements of Ariz. R. Civ. P. 4.2(c). That means that Plaintiff who accomplishes service on an out-of-state defendant by registered mail is obliged to file an affidavit (which is a statement sworn before a notary public) with the court stating;

> (1) the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence[d] by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender.

Ariz. R. Civ. P. 4.2(c). This the Plaintiff has not done. Defendants John G. Stumpf, Ben Windust, Wells Fargo & Company, and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., joined by Defendant Joseph R. Ficalora and New York Community Bank have moved for relief on this basis.

Plaintiff argues that all Defendants have waived his obligation to serve them  in compliance with the rules since the Defendants have made an appearance in this action by filing their motions to dismiss. Defendants appearance, however, amounts to the filing of a motion to dismiss in which Defendants raise the Plaintiff's failure to appropriately accomplish and/or prove service. Under such circumstances, the Court finds no waiver of

1    the Defendants' right to be served in compliance with the rules.

2         Pursuant to Fed. R. Civ. P. 4(l), however, "[f]ailure to prove service does not affect

3    the validity of service." Therefore, this Court grants Plaintiff an additional 30 days in which

4    to file proof of appropriate service in compliance with Fed. R. Civ P. 4(l), Fed. R. Civ. P.

5    4(e) and, to the extent Plaintiff claims he has served out-of-state Defendants by registered

6    mail, Ariz. R. Civ. P. 4.2(c). Should Plaintiff fail to file prima facie proof of appropriate

7    service within thirty days, the complaint  shall be dismissed against any of the Defendants

8    for whom proof of service is not provided pursuant to Fed. R. Civ. P. 4(m)

9    **II.    The Bosco Defendants' Fed. R. Civ. P. 12(b)(6) Motions to Dismiss.**

10        Plaintiff's claims against Michael A Bosco Jr., who served as the trustee charged with

11   conducting the deed of trust sale in this matter, are dismissed. Arizona Revised Statutes §

12   33-807(E) makes plain that the trustee conducting a deed of trust sale is to be immediately

13   dismissed from any lawsuit pertaining to a non-judicial foreclosure unless the lawsuit

14   plausibly alleges that the defendant(s) breached 'the trustee's obligation under this chapter

15   [Chapter 6.1 of Title 33] or under the deed of trust." A.R.S. § 33-807(E).

16        Plaintiff has failed to allege any specific facts suggesting that Defendant Bosco

17   breached the trustee's obligation under either Chapter 6.1 or the terms of the deed of trust.

18   Thus, the complaint is dismissed as against Defendants Bosco and his law firm, Tiffany &

19   Bosco. Because, as will be further explained below, the balance of the Plaintiff's complaint

20   is being dismissed with leave for the Plaintiff to file a motion to amend the complaint, the

21   Bosco defendants' motion for attorney's fees and costs is denied without prejudice to its

22   renewal upon the filing of any proposed Amended complaint.

23   **III.   The Remaining 12(b) Motions.**

24        As it pertains to the balance of Plaintiff's Complaint against the remaining defendants,

25   "actions brought against multiple defendants must clearly specify the claims with which each

26   individual defendant is charged." Wright & Miller, Federal Practice and Procedure § 1248

27   (2009 ed.). Pursuant to Fed. R. Civ. P. 8(a) (2),  a complaint must set forth "a short and plain

28   statement of the claim showing that the pleader is entitled to relief." "Each allegation must

be simple concise and direct." Fed. R. Civ. P. 8(d)(1).  And, a party must state its claims .

. . in numbered paragraphs, each limited as far as practicable to a single set of

circumstances." Fed. R. Civ. P. 10(b).  Plaintiff's complaint fails in these requirements. The

Complaint is drafted in such a way as to deprive any remaining Defendant of the knowledge

of what claims and factual allegations the Complaint asserts against it.  Thus, the Court

believes, the  Defendants would be  unable to draft a meaningful answer to Plaintiff's

existing complaint.  Thus, each of the separate Defendants' Motions to Dismiss is granted

with leave for Plaintiff to seek leave of court to amend and correct his pleading.

Should Plaintiff seek to bring a new amended complaint, however, he shall file a

motion for leave to file an amended complaint no later than February 7, 2011.  The motion

shall attach the proposed amended complaint and shall otherwise follow the requirements of

Arizona Local Rules of Civil Procedure 15.1.

Plaintiff is advised that the Court will not authorize the filing of an amended

complaint that is similar to the original complaint.  For the guidance of the Parties the Court

advises the Plaintiff as to the deficiencies of his current complaint.  Unlike the original

Complaint, the proposed Amended complaint should not contain legal argument, legal

authority, historical assertions, or discovery requests.  Rather it should separately identify in

a single heading each legal claim that the Plaintiff brings and against which Defendant or

Defendants he brings each claim.  Plaintiff should then set forth in plain, direct, clear and

simple statements each fact that Plaintiff alleges demonstrate that Plaintiff has a right to

recover on the specified claim against each Defendant.  Each separate factual allegation

should be set forth in a separately and consecutively numbered paragraph.  Examples of

different types of complaints demonstrating the proper form can be found in the appendix of

forms that is contained with the Federal Rules of Civil Procedure (forms 11-21).

Further, in Plaintiff's  responses to the various motions to dismiss, the Plaintiff seems

to assert different and additional factual allegations and theories of relief in addition to those

that are raised in his complaint.  A lawsuit does not proceed in such a fashion.  A lawsuit is

necessarily governed by the complaint and the answers to it.  The complaint must state, in

1    one separate and distinct pleading, all of the claims that the Plaintiff brings against each

2    Defendant.  Plaintiff cannot informally "amend" the complaint by attempting to supplement

3    his allegations in later motions, or responses thereto.  Therefore, any claims that Plaintiff

4    wishes to raise against the Defendants must be asserted in the amended complaint.

5         Further, at least some of Plaintiff's claims in the original Complaint appear to assert

6    claims that are insufficient as a matter of law.  The Court will not allow the filing of an

7    amended complaint that states such claims.   For example, to the extent Plaintiff wishes to

8    bring claims against the individual officers of the defendant banks, or their agents, it is not

9    a sufficient basis for doing so that the individuals were merely serving as officers of the

10   defendant bank at the time of the transaction in question.  The defendant must plausibly

11   allege that the individual bank officers were personally involved in the bank's dealings with

12   Plaintiff in some specific way and  that their alleged actions give rise to their individual

13   liability to the Plaintiff.

14        The Plaintiff does not have standing to assert that Defendants did not pay filing fees

15   that they should have otherwise paid to the various counties. *Lance v. Coffman,* 549 U.S.

16   437, 440 (2007) ("to have standing . . . a plaintiff must have more than a general interest

17   common to all members of the public.")  No claims for such relief should therefore be

18   pursued.  Further, to the extent that, in the current Complaint, Plaintiff seeks to assert any

19   theory that due to the economic history of the United States banks don't issue legal tender

20   when they make loans to clients, such a theory is wholly without merit, and does not state

21   a claim.   *See, e.g.*, *Rodriguez v. Summit Lending solutions, Inc. et al.,* No 09-CV-773-

22   BTM(NLS), 2009 Wl 1936795 (S.D. Cal. July 7, 2009).

23        Similarly, to the extent that Plaintiff asserts that the Deed of Trust constitutes an

24   invalid confession of judgment, that claim is untenable in a non-judicial foreclosure

25   proceeding.  A non-judicial foreclosure does not result in a judgment and hence does not

26   result in any confession of judgment.  Therefore, any claim that a deed of trust amounts to

27   an invalid confession of judgment fails to state a claim as a matter of law.

28        Similarly, Plaintiff's assertion that his promissory note has been paid in full by any

1   of the Defendants' receipt of any TARP funds or other form of government assistance is

2   without merit and does not state a claim.

3        As well, alleging, without more, that a foreclosure is invalid because the foreclosing

4   entity did not have actual possession of the note at the time of foreclosure, does not state a

5   sufficient basis to bring a claim under Arizona law. *See Deissner v. Mortgage Elec. Reg.*

6   *Sys.,* 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (holding that "Arizona's non-judicial

7   foreclosure statute does not require presentation of the original note before foreclosure

8   proceedings."); *Mansour v. Cal-Western Reconveyance Corp.,* 618 F. Supp. 2d 1178, 1181

9   (D. Ariz. 2009) (same).  The proposed Amended complaint therefore shall not include such

10  claims.

11       In responding to the Motions to Dismiss Plaintiff has suggested that his Complaint

12  contains a Fair Debt Collections Practices Act claim.  The Court does not discern such a

13  claim in Plaintiff's Complaint.  Even so, such a claim is not proper in the context of a

14  proposed non-judicial foreclosure proceeding.  As *Mansour* makes plain, Plaintiff can state

15  no Fair Debt Collection Practices Act claim, 15 U.S.C. § 1692a, that arises from a non-

16  judicial foreclosure proceeding, because "a non-judicial foreclosure proceeding is not the

17  collection of a 'debt' for purposes of the FDCPA." *Mansour, id,* at 1182. Thus such a claim

18  shall not be asserted in any amended complaint at least insofar as it pertains to the non-

19  judicial foreclosure.

20       In addition to the claims stated above, that are inapplicable as a matter of law, any

21  claim in an amended complaint must plead sufficient facts "to state a claim for relief that is

22  plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007).  The Plaintiff's

23  Complaint also fails in this respect with respect to the remaining claims asserted in the

24  Complaint.

25       To the extent that Plaintiff seeks to assert claims of fraud against the individual

26  defendants he must "state with particularity the circumstances constituting fraud or mistake."

27  Fed. R. Civ. P. 9(b).  There are nine elements required to plead common law fraud in

28  Arizona. *Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966).  Each fraud

1   claim must be plead with particularity as to each Defendant against which the Plaintiff raises

2   such claims.   A Plaintiff must "state the time, place and specific content of the false

3   representation as well as the identities of the parties to the misrepresentations." *Schreiber*

4   *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F2d 1393, 1401 (9th Cir. 1986); *A.G. Edwards*

5   *& Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere

6   conclusory allegations of fraud will not suffice; the complaint must contain statements of the

7   time, place and nature of the alleged fraudulent activities."). This Plaintiff has not done. At

8   some points in the Complaint Plaintiff seems to suggest that he was fraudulently induced into

9   signing the promissory note and deed of trust that contains unconscionable and unenforceable

10  provisions, and/or that he was mislead by forged documents. The Complaint also appears

11  to suggest that Defendants used notaries who violated their legal obligations by notarizing

12  documents signed by family members in fraudulent schemes. Plaintiff, however, offers no

13  allegations as to what these alleged forgeries were, or what any particular Defendant did to

14  fraudulently induce him to sign a document that he did not understand, when or where these

15  fraudulent representations were made. He does not allege facts suggesting why he should

16  be excused from his own responsibility in signing a document that contained such provisions,

17  nor any other facts that are sufficient to meet his obligation under Fed. R. Civ. P. 9(b).

18         Further Plaintiff, in the Complaint, refers to various Arizona criminal or civil statutes

19  and generally alleges that Defendant or Defendants may have violated them, but makes no

20  factual allegations that would suggest that any particular defendant violated any of those

21  statutes or any state or federal constitutional guarantees to which Plaintiff is entitled. Such

22  a complaint does not meet the standard set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S.

23  544, 555 (2007) (holding that a plaintiff has an obligation to allege sufficient facts to

24  plausibly allege  grounds upon which he claims his entitlement to relief and that mere labels

25  and conclusions  or a formulaic recitation of the elements of a claim is insufficient."). The

26  Complaint therefore is dismissed in its entirety with leave for Plaintiff to seek to amend.

27  / / /

28  / / /

**IT IS THEREFORE ORDERED**:

1.       Granting in part and denying in part the Motion to Dismiss of Defendants Michael A Bosco, Jr. and Tiffany & Bosco P.A., and Request for Costs and Attorneys' Fees Pursuant to Arizona Revised Statute § 33-807(E) (Doc. 6).  The Motion to Dismiss is granted with leave to seek to amend.  The Request for Costs and Attorneys' Fees is denied without prejudice to its renewal pending the Court's ruling on any proposed Amended Compliant.

2.       Granting Defendants Keith Maio and National Bank of Arizona's Motion to Dismiss (Doc. 7) with leave to amend.

3.       Granting Defendants Stumpf, Windust, Wells Fargo & Company and Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 12) with leave to amend

4.       Directing Plaintiff to file with the Court prima facie proof of appropriate service on all Defendants prior to **February 7, 2011**.

5.       Should Plaintiff desire to file a motion for Leave to file an amended complaint, he shall do so no later than **February 7, 2011**.  The proposed amended complaint shall be attached to the motion for leave to amend.  The Court will not permit the filing of any proposed Amended complaint that does not comply with the requirements of this Order.

6.       If Plaintiff does not file a motion requesting leave to file an amended complaint by **February 7, 2011**, the Clerk of the Court is directed to terminate this matter.  The Clerk of the Court is further directed to dismiss this case as to any defendant for whom proof of service has not been filed by **February 7, 2011**.

DATED this 4th day of January, 2011.

G. Murray Snow
United States District Judge